

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2006

# Muhammed v. Phila Prison Sys

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3112

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Muhammed v. Phila Prison Sys" (2006). *2006 Decisions.* Paper 834.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/834

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
No: 05-3112

SALIH MUHAMMED

Appellant

v.

CITY OF PHILADELPHIA,
PRISON SYSTEM

Appeal from the United State District Court
for the Eastern District of Pennsylvania
District Court No: 04-cv-03418
District Judge: Hon. Stewart Dalzell

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2006

Before: McKEE and GARTH, Circuit Judges,
and LIFLAND,[*] Senior District Judge.

(filed: June 27, 2006)

OPINION

McKEE, Circuit Judge.

Salih Muhammed appeals the district court's grant of summary judgment to the

City of Philadelphia Prison System in the suit he brought under the Americans With

Disabilities Act (ADA). For the reasons that follow, we will affirm.

---

[*] The Honorable John C. Lifland, Senior District Judge of the United States District Court
for the District of New Jersey, sitting by designation.

Since we are writing primarily for the parties who are familiar with this dispute, we need only set forth the procedural and factual background to the extent that is helpful to our brief discussion. Our review of an order granting summary judgment is plenary. We therefore apply the same test the district court should have applied. *Hines. v. Consolidated Rail Corp.,* 926 F.2d 262 (3d Cir. 1991). Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law when the evidence is viewed in the light most favorable to the opposing party. *Id* at 266.

Both parties devote a portion of their appellate argument to discussing whether or not the district court was correct in concluding that Muhammed's ADA claim is barred by his failure to raise it in the proceedings before the Civil Service Commission. We need not resolve those issues of claim or issue preclusion because it is clear on this record that Muhammed has not established a *prima facie* case for relief under the ADA.[1] Accordingly, we hold that the district court correctly granted summary judgment in favor of the defendant, and against the plaintiff.

## A. The Discrimination Claim.

Muhammed attempts to base his claim of a protected disability on his mental

---

[1] For an explanation of the subtle distinctions between claim preclusion, issue preclusion, and *res judicata* and, *see Gregory v. Chehi*, 843 F.2d 111, 115 (3d Cir. 1988).

disorientation in the emergency room, and the ADA's restrictions on an employer's ability to order medical examinations. *See* Appellant's Br. at 20 *et. seq.* However, it is undisputed that Muhammed was terminated because he told Lieutenant Pieretti that he had ingested illegal drugs and Muhammed thereafter failed to report for a drug test as required by personnel policy. A165.[2]

In order to establish a *prima facie* case of discrimination under the ADA, Muhammed must establish that he is 1) disabled within the meaning of the Act, 2) otherwise qualified to perform the essential functions of his job, and 3) has suffered an adverse employment decision as a result of his disability. *Deane v. Pocono Med. Ctr.*, 142 F.3d 138, 142 (3d Cir. 1998). Although Muhammed can clearly establish the required adverse employment decision, he cannot establish that he is "disabled," and he cannot, therefore, claim the protection of the Act.

It is undisputed that Muhammed told Lt. Pieretti that he was not willing to see a city doctor because "I'm going to come up positive for cocaine or heroin or something." A68. We have already held that "current" drug use is not protected under the ADA. *Salley v. Circuit City Stores*, 160 F.3d 977 (3d Cir. 1998). In *Salley,* we explained that the protections of the ADA do not extend to "current drug use." 160 F.3d at 980 n. 2. We held that the plaintiff there could not recover because no reasonable jury could conclude

---

[2] Muhammed also alleges that the Lieutenant violated his privacy by disclosing confidential medical information, *see* Appellant's Br. at 28. However, on this record, he cannot elevate that to a claim under the ADA.

that the employer's justification for firing him was a pretext for disability-based discrimination. The same is true here.

Muhammed also claims he was "regarded as" being disabled and that he is therefore protected under 42 U.S.C. § 12114 (b)(3), which extends protection to one who is not using drugs but who is "erroneously regarded as engaging in such use." *See* Appellant's Br. at p 25. However, Muhammed was not *erroneously* regarded as using drugs because he admitted that he would test positive for drug use. Since current drug use is not a protected disability under the ADA, and since he was not *erroneously* viewed as using drugs, his allegations here simply do not bring him under the protective umbrella of the ADA. This record supports no conclusion other than that he was terminated for refusing to comply with a legitimate order to submit to an examination for drug use.

42 U.S.C. § 12114 (b)(3) specifically allows a "covered entity to adopt or administer reasonable policies or procedures including but not limited to drug testing designed to ensure that [an employee suspected of using drugs is not using them]." "[T]his section was intended to permit [ ] employers to conduct drug tests or take reasonable actions to ensure that an individual is no longer using illegal drugs. This provision grants employers the ... right .... to conduct drug tests on . . . employees without violating this Act . . .". *Buckley v Consolidated Edison, Co.,* 155 F.3d. 150, 155 (2d Cir. 1998) (quoting Report of the House of Representatives Committee on Education and Labor, H.R.Rep. No. 101-485(II), at 77-78 (1990), *reprinted in* 1990 U.S.C.C.A.N. 303,

4

360) (brackets and internal ellipses in original). The drug test that Muhammed refused to take is just such a procedure.[3]

### B. Retaliation.

Muhammed's claim of illegal retaliation fares no better than his discrimination claim. In order to establish a *prima facie* case of retaliation under the ADA, Muhammed must show that (1) there was a protected employee activity; (2) there was adverse action by the employer either after, or contemporaneously with, the employee's protected activity; and (3) there is a causal connection between his protected activity and the employer's adverse action. *Krouse v. American Sterilizer Co.*, 126 F. 3d 494, 500 (3d cir. 1997).

Muhammed points to the prior lawsuit that he filed following his termination in 2002. He correctly claims that suit was protected activity and then tries to forge a link between it and the termination before us here. He argues that since Officer King processed the paperwork for the prior dismissal, the employer was aware that Muhammed had filed the prior lawsuit. However, that generalized allegation is not enough to support a finding of causation. *See, Robinson v. City of Pittsburgh*, 120 F.3d. 1286, 1302 (3d. Cir. 1997). The instant adverse job action was initiated by Pieretti, not Officer King. Moreover, on this record, there is nothing to suggest that Officer King even had the

---

[3] We realize that Muhammed claimed that "someone put [it] into my drink," and that he therefore had not intentionally ingested illegal drugs. However, that does not excuse his refusal to report for a drug test in violation of city personnel policy.

authority to initiate or influence the current termination.  Accordingly, Muhammed has not established that his prior lawsuit had any impact whatsoever on his subsequent termination, and no reasonable jury could conclude otherwise.

**III.**

For all the reasons above, we will affirm the district court's order granting summary judgment.